## NATIONAL BULK CARRIERS, Inc., v. HALL.
### No. 11320.

Circuit Court of Appeals, Fifth Circuit.
Dec. 10, 1945.

M. L. Cook, of Houston, Tex., for appellant.

Bliss Daffan and Arthur J. Mandell, both of Houston, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant, by his libel in personam, alleged that because of the negligence of libellee, he sustained a hernia while working as first assistant engineer on a vessel belonging to libellee.

After finding that the libellee was guilty of negligence, the lower Court said:

"(d) Libellant went to the Marine Hospital at Galveston and was there from October 8, 1941, to October 26, 1941. While there, he underwent an operation for hernia, which I find finally restored him to health. There is no permanent injury. He was unable to work from the time he left the service of Respondent on September 5, 1941, until December 2, 1941, a period of approximately 87 days, during which time (except the time—18 days—he was in the hospital) he is entitled to recover for maintenance. Also he is entitled to recover damages for 87 days lost time. Also damages for pain suffered. He did not at trial claim that he is entitled to cure, because he was treated at the Marine Hospital. He did not at the trial claim to be entitled to wages, because his wages were paid up to the time he left the service of Respondent.

"(e) I find that the sum of Twelve Hundred Dollars ($1200) would reasonably cover the amount of maintenance, loss of time and pain and suffering to which Libellant is entitled.

"Conclusions of Law:

"1:—I conclude that Libellant is entitled to Judgment against Respondent for Twelve Hundred Dollars ($1200.00)."

The libelee (appellant) asserts that it was reversible error for the trial Court to allow a lump sum recovery for damages for: (a) Loss of time, (b) pain and suffering, and (c) maintenance, because, it says, there was no evidence to support an award for maintenance. We disagree.

Libellant's wages were $255 per month, or $8.50 per day. He lost 87 days which, at $8.50 per day, totalled $739.50. He lived at home with his wife at a cost to them both of $5 to $6 per day for a period of 69 days. (His maintenance at the hospital for 18 days was without cost to him, as was his cure.) If the lower Court allowed him one half of the minimum cost figure of $5 for the daily cost of maintenance of libellee and wife, to wit, $2.50, it would have amounted to $172.50 for the 69 days, with the result that allowance for the loss of time of $739.50, plus $172.50 for maintenance at $2.50 per day, totalling $912, would leave only $288.00 for pain and suffering.[1]

The minimum amount named by any witness as the cost of maintenance for libellant and wife was $5 per day. It cannot, with reason, be argued that less than one-half of that sum was allocable to his maintenance.

 There is no standard for the admeasurement of damages for pain and suffering.

"On appeal in admiralty, hearing is 'de novo' and it is appellate court's duty to review the whole case and make such decree as ought to have been made." Pavlis v. Jackson, 5 Cir., 131 F.2d 362.

The decree of the lower Court will be modified by the following itemization:

For loss of time, 87 days @ $8.50 $ 739.50
For pain and suffering ......... 288.00
For maintenance, 69 days @ $2.50 172.50
 ----------
 $1200.00

The decree, as so modified, is affirmed.

---

[1] Total amount of decree............ $1200.00
 87 days @ $8.50.......... $739.50
 69 days @ 2.50.......... 172.50

Total, loss of time and maintenance .................... 912.00

Pain and suffering .......... $ 288.00